**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Willie S. Jackson,<br>Plaintiff<br>v.<br>James Dzurenda, et al.,<br>Defendants | Case No.: 2:26-cv-00121-JAD-NJK<br>**Order Screening Complaint, Deferring IFP, Denying Injunctive Relief Motions, and Granting Leave to Amend by September 4, 2026**<br>[ECF Nos. 6, 7, 8] |

Plaintiff Willie S. Jackson brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when prison officials failed to timely replace his broken medical shower chair at High Desert State Prison. Because Jackson applies to proceed in forma pauperis (IFP),[1] I screen his complaint under 28 U.S.C. § 1915A. Having done so, I find that Jackson has not pled a colorable deliberate-indifference-to-serious-medical-needs claim, so I dismiss the complaint without prejudice and give Jackson until September 4, 2026, to amend.

## Background

### A. Jackson's factual allegations[2]

Jackson is wheelchair bound and, at the time of filing, turned in his broken medical shower chair the month prior, but prison officials have yet to give him a new one. Jackson spoke to Doe #4, who spoke to Doe #2, who informed Doe #1 that it was a custody issue. Medical

[1] ECF No. 1.

[2] This is a summary of allegations and should not be taken as findings of fact.

officials told John Doe to contact the warehouse. Doe #3, the associate warden, said she would handle Jackson's issue, but nothing has been done.[3]

This issue has placed a burden on Jackson's religious practices of bathing and cleansing. Prison officials are also denying Jackson medications and orthopedics. Jackson suffers from neurological neuropathy, diabetic neuropathy, swelling, and stiffness. Prison officials were denying him pain medication, compression stockings, foot soaks, nail clippers, and regular checkups causing him excruciating pain. Jackson also needs spinal cord surgery.[4]

**B. Jackson's claims**

Jackson asserts a claim for deliberate indifference to serious medical needs against NDOC director James Dzurenda, director of nursing Doe #1, charge nurse Doe #2, acting associate warden Doe #3, and Doe registered nurse.[5]

## Discussion

**A. Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[7] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This

[3] ECF No. 8 at 2–4.

[4] *Id.* at 4.

[5] *Id.* at 2–3.

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

**B. Analysis of claims**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[15] A prison official violates the Eighth Amendment when he acts with "deliberate

---

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

[15] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

indifference" to the serious medical needs of an inmate.[16] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[17]

To establish the objective prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[18] Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[19]

To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[20] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[21] A prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety."[22] When a prisoner

---

[16] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[17] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

[18] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[19] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[20] *Jett*, 439 F.3d at 1096.

[21] *Id*. (internal quotations omitted).

[22] *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.[23]

I find that Jackson fails to state a colorable Eighth Amendment claim for the delay in receiving his replacement medical shower chair, but I grant him leave to amend. Jackson's allegations are too vague for me to determine whether any of the defendants purposefully failed to respond to Jackson's need for a chair. Although Jackson says he informed multiple Does about his issue, he does not clearly allege the reasons they gave him for the delay. Jackson also has not alleged what injuries, if any, were caused by the chair delay. So I dismiss this claim without prejudice and grant Jackson leave to amend to provide more factual allegations surrounding the delay in receiving another shower chair. If he chooses to file an amended complaint, Jackson should explain whether he has been able to shower without the chair and/or explain any accommodations prison officials have made so he can shower in the interim.

Additionally, I find that Jackson's general allegations about not receiving medications, compression stockings, surgery, etc. are unrelated to his complaint about not receiving a new medical shower chair. If Jackson seeks to raise issues about lack of medication or surgery, he must clearly raise a medical claim related to those specific issues rather than attempting to combine all his medical issues into one general claim. Likewise, if Jackson seeks to file a First Amendment free-exercise-of-religion claim based on the lack of a shower chair, he will need to raise those allegations in a separate claim.

---

[23] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

**C. Leave to amend**

It appears that Jackson may be able to cure the deficiencies of his Eighth Amendment deliberate-indifference-to-serious-medical-needs claim. So I grant him leave to amend to attempt to replead that claim and a First Amendment religion claim, if he so chooses. Jackson does not have leave to add new claims.

If Jackson chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[24] This means that Jackson's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Jackson must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Jackson must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by September 4, 2026.**

**D. Injunctive Relief Motions**

Jackson also moves for a temporary restraining order and a preliminary injunction.[25] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[26] "A plaintiff seeking a preliminary injunction must establish that he is likely to

---

[24] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[25] ECF Nos. 6, 7.

[26] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[27] Because Jackson has not pled a colorable claim, he cannot presently succeed on the merits of any claim and thus cannot satisfy the standard necessary to obtain injunctive relief. So I deny his requests for injunctive relief without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that the operative complaint is at ECF No. 8 and a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the complaint (ECF No. 8) is **DISMISSED** in its entirety without prejudice and with leave to amend by September 4, 2026. If Jackson chooses to file an amended complaint, he must use the approved form and mark the box "First Amended Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If Jackson does not file an amended complaint by September 4, 2026, I will dismiss this action without prejudice. Alternatively, Jackson may choose to voluntarily dismiss this action.**

IT IS FURTHER ORDERED that the motions for injunctive relief **[ECF Nos. 6, 7] are DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **SEND** Jackson the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 8).

U.S. District Judge Jennifer A. Dorsey
Dated: August 4, 2026

[27] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).